

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00258-CR

**EMILY DANIELLE MATTHEWS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. FDWI-09-19810

## MEMORANDUM OPINION

Emily Danielle Matthews pled guilty to driving while intoxicated, a third offense. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2013). The trial court found Matthews guilty and sentenced her to 10 years in prison. The sentence was suspended and Matthews was placed on community supervision for four years.[1] Three years later, a motion to revoke was filed and Matthews pled true, without the benefit of a plea

---

[1] The judgment and plea bargain reflected a five year term of community supervision but the court's notes indicated a four year term. The parties involved agreed that the original term of community supervision was intended to be a four year term.

bargain, to the violations contained in the motion to revoke. After a hearing, Matthews's community supervision was revoked and she was sentenced to four years in prison. She appeals.

Matthews's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Matthews was informed of her right to submit a brief or other response on her own behalf but did not submit one.

Counsel asserts in the *Anders* brief that counsel has thoroughly and conscientiously reviewed the complete reporter's record and clerk's record in search for potentially meritorious issues on appeal and, after due diligence, found that no non-frivolous issues exist. Counsel specifically discusses the sufficiency of the evidence to support the conviction and revocation, the error in the terms of years of community supervision stated in the judgment, and the effectiveness of trial counsel. Counsel concludes that there are no non-frivolous issues to assert on appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744;

*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Matthews wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request to withdraw from representation of Matthews is granted, and counsel is permitted to withdraw from representing Matthews. Additionally, counsel must send Matthews a copy of our decision, notify her of her right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
Do not publish
[CR25]